SUCCRS. of L. VILLAMIL & Co., Plaintiff and Appellee, *v.* BERNARDO DÍAZ, Defendant; FRANK LABORDA JR., (Surety), Appellant.

No. 4995. Argued January 24, 1930.—Decided July 30, 1930.

_Mariano Acosta Velarde_ for appellant. _Juan B. Soto_ for appellee.

M₁. JUSTICE WOLF delivered the opinion of the Court.

To secure a judgment the plaintiff-appellee attached an automobile "Chrysler." Two sureties signed a bond to obtain the release of the object attached. Judgment in the present action was finally rendered against one of the sureties, Frank Laborda, Jr., for the whole amount due from Bernardo Díaz, the original debtor.

On appeal several of the assignments of error relate to the action of the court in declaring valid the bond, because of agreements made by the original parties during the suit without notice to the sureties. On a stipulation in the case the court did in fact render judgment whereby the original debtor was allowed to make monthly payments and execution was to be suspended unless the defendant failed to comply.

This is not the case where sureties become generally responsible for the debt of another person. The obligation of the bond was by reason of the release of the automobile to pay the amount due if judgment was rendered against the debtor. The automobile was released, the judgment was rendered and the obligation of the sureties became absolute. If the automobile had not been released it would have responded to the debt and the sureties respond in the same way. Such was the clear intention of the parties and any consideration of the general rights of sureties in other cases yields to the plain intention of the parties.

The principal assignment of error is that the court had no authority to hold that the obligation of the sureties was joint and several (_solidaria_). The theory is that the con-

tract of suretyship is, as a rule, a divided responsibility (*mancomunada*). In maintaining the contrary the court below relied on *Arbona Bros.* v. *H. C. Christianson & Co.,* 26 P.R.R. 250 and *Muriente* v. *Terraza et al.,* 22 P.RR. 686. The appellant distinguishes the first case on the ground that there was no question of joint and several liability of the like, and the second on the ground that the parties agreed to be jointly and severally responsible (*mancomunada y solidariamente*). The latter case, however, does clearly decide that a bond to secure a judgment is a judicial one and that the obligation of the sureties is different from the ordinary conventional or voluntary contract of suretyship. The case, however, did decide that a surety in a judicial bond made himself jointly and severally liable with the principal debtor. It would seem to follow that if the obligation of a surety is joint and several with the· debtor, we do not need to consider possible relations between the sureties. Each of them would be jointly and severally responsible to a plaintiff in taking his security from them. Each of them, it may be said, made himself, his heirs, administrators and assigns, to copy the words of the bond, individually responsible.

The order should be affirmed.

Mr. Justice Texidor took no part in the decision of this case.